■ MME. APTER SUTTON CLEANERS, INC., Respondent, v. ANDREW NEWMAN CUSTOM CLEANERS, INC., Appellant.— Determination of the Appellate Term affirming an order of the Civil Court denying defendant's motion for a stay pending arbitration reversed on the law and on the facts, with costs to appellant and the motion granted. The plaintiff sues on four promissory notes made to its order by the defendant in connection with the defendant's purchase of plaintiff's dry-cleaning business. Defendant seeks to stay the action contending that its alleged refusal to pay the notes presents a dispute within the contemplation of the arbitration clause contained in the agreement of sale. We

agree. The agreement provides for the arbitration of any dispute as to the "validity or interpretation of this agreement or the performance or non-performance" thereof. The alleged refusal by defendant to pay the notes given as consideration for the sale raises issues as to defendant's "performance or nonperformance" of the agreement of sale, which issues must therefore be arbitrated. *Matter of Wrap-Vertiser Corp.* (*Plotnick*) (3 N Y 2d 17) does not compel a contrary result. In that case, unlike here, the party asking for relief sought damages arising from an alleged fraudulent inducement to contract. The court held that such contention raised no questions as to the validity, interpretation or performance of the agreement and thus the issues were without the arbitration clause. In this case the party asking relief seeks payment on the notes given by defendant pursuant to the contract. The claim for payment of such notes does raise issues going to performance of the contract and are thus arbitrable. Whether a possible defense to payment may be bottomed on fraud in the inducement is of no moment in determining the appropriate forum for the resolution of the differences existing between these parties. Concur — Rabin, J. P., Eager and Steuer, JJ.; McNally and Stevens, JJ., dissent in the following memorandum: We dissent and vote to affirm on the authority of *Matter of Wrap-Vertiser Corp.* (*Plotnick* ) (3 N Y 2d 17). The alleged misrepresentation and fraud in the inducement are not a part of the contract but anterior to it. Such misrepresentation and fraud raise no question as to the validity, interpretation or performance of the agreement within the language and meaning of the arbitration clause. The language of the arbitration clause in the case before us is not so broad as that in *Matter of Amerotron* (*Shapiro Woolen Co.*) (3 A D 2d 899, affd. 4 N Y 2d 722) where the claim was the goods delivered under the contract did not conform to the representations as to fiber content. The cases may thus be distinguished.